CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
chaz@raineydevine.com

RAINEY DEVINE, *Attorneys at Law*
2445 W. Horizon Ridge Pkwy., Suite 110
Henderson, Nevada 89052
Telephone:  (702) 425.5100
Facsimile:  (888) 867.5734

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

S. ROWAN WILSON, an individual,

               Plaintiff,

v.

ERIC HOLDER, individually and as Attorney
General of the United States; THE U.S.
BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES; B. TODD JONES, individually
and as Acting Director of the U.S. Bureau of
Alcohol, Tobacco, Firearms and Explosives;
ARTHUR HERBERT, individually and as
Assistant Director of the U.S. Bureau of
Alcohol, Tobacco, Firearms and Explosives;
and THE UNITED STATES OF AMERICA,

               Defendants.

Case No.  2:11-cv-1679

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

       COMES NOW Plaintiff S. ROWAN WILSON (the "Plaintiff" or "Ms. Wilson") by and

through her counsel Charles C. Rainey and Jennifer J. Hurley of the THE LAW FIRM OF RAINEY DEVINE,

and hereby submits her Complaint against the Defendants ATTORNEY GENERAL ERIC HOLDER,

THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ACTING DIRECTOR B.

TODD JONES, ASSISTANT DIRECTOR ARTHUR HERBERT, and THE UNITED STATES OF AMERICA

(collectively, the "Defendants"), inclusive, alleging as follows:

/ / /

RAINEY • DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

**INTRODUCTION**

1.   This is an action to uphold the Constitutional right to keep and bear arms, which extends to all law-abiding adult citizens of the United States, and includes the right to acquire such arms.

2.   The Second Amendment "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 2797, 2821 (2008).

3.   However, in contravention of this fundamental constitutional right, the Defendants have prohibited a certain class of law-abiding, responsible citizens from exercising their right to keep and bear arms; the Defendants have enacted laws, policies, procedures and customs with the specific intent of denying the Second Amendment rights of persons who have registered to use medical marijuana pursuant to and in accordance with state law. The Defendants have deliberately banned such persons from purchasing handguns, or firearms of any kind, from federally licensed firearms dealers without providing any means of due process prior to depriving these persons of their rights.

4.   Based on the Defendants' interpretation of Section 922(g)(3) of the federal criminal code, the law prohibits law-abiding adults who have obtained medical marijuana cards pursuant to state law from lawfully purchasing what the Supreme Court has called "the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home." *Heller*, 128 S.Ct. at 2818.

5.   This blanket ban violates the constitutional rights of thousands of responsible, law-abiding American citizens and is thus invalid under the Second and Fifth Amendments.

**THE PARTIES**

6.   Plaintiff S. ROWAN WILSON is a natural person and a citizen of the United States and of the State of Nevada.  Ms. Wilson presently intends to acquire a functional handgun for use within her home for self-defense but is prevented from doing so by Defendants' active enforcement of the unconstitutional policies complained of in this action. Ms. Wilson fears

RAINEY  •  DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

1  arrest, criminal prosecution, incarceration, and a fine if she were to acquire the
2  aforementioned handgun. Indeed, Ms. Wilson has been unable to do so.

3      7.  Defendant ATTORNEY GENERAL ERIC HOLDER heads the United States Department of
4  Justice, which is the agency of the United States government responsible for enforcement of
5  federal criminal laws. Defendant Holder, in his capacity as Attorney General, is responsible for
6  executing and administering laws, customs, practices, and policies of the United States and is
7  presently enforcing the laws, customs, practices and policies complained of in this action.
8  Defendant Holder has ultimate authority for supervising all of the operations and functions of
9  the Department of Justice.

10      8.  Defendant U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES ("BATFE")
11  is an arm of the Department of Justice responsible for the investigation and prevention of
12  federal offenses involving the use, manufacture, and possession of firearms. The BATFE also
13  regulates, via licensing, the sale, possession, and transportation of firearms and ammunition in
14  interstate commerce. The BAFTE is authorized to implement and enforce the federal law
15  challenged in this case. BATFE is currently enforcing the laws, customs, practices and policies
16  complained of in this action in Plaintiff's jurisdiction.

17      9.  Defendant B. TODD JONES is the Acting Director of the BATFE and, in that capacity, is
18  presently enforcing the laws, customs, practices and policies complained of in this action.

19      10. Defendant ARTHUR HERBERT is the Assistant Director of the BATFE and, in the capacity,
20  is presently enforcing the laws, customs, practices and policies complained of in this action.

21      11. Defendant UNITED STATES OF AMERICA is a proper defendant in this action pursuant to
22  5 U.S.C. § 702.

23      **JURISDICTION AND VENUE**

24      12. This case concerns certain subject matter under the original and exclusive jurisdiction of
25  the federal courts of the United States of America.

26      13. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 2412. Therefore,
27  jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and
28  laws of the United States.

RAINEY • DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

14. The Defendants, including the BATFE, are subject to suit for relief other than money damages pursuant to 5 U.S.C. § 702.

15. This Court has authority to award costs and attorneys fees pursuant to 28 U.S.C. § 2412.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**COMMON ALLEGATIONS**

17. On October 4, 2011, Plaintiff S. Rowan Wilson ("Ms. Wilson"), an adult-aged, law-abiding, responsible citizen, sought to purchase a handgun to use for self-defense in her home. *See* **DECLARATION OF S. ROWAN WILSON**, attached hereto as Exhibit "**1**" and incorporated herein by reference.

18. That day, Ms. Wilson visited Custom Firearms & Gunsmithing in Moundhouse, Nevada, hoping to purchase a Smith & Wesson model 686 chamber in 0.357" magnum (hereinafter referred to as the "Firearm"). *Id*. at 4:26.

19. However, when Ms. Wilson submitted the appropriate application paperwork to the gun shop's proprietor, Frederick Hauseur ("Mr. Hauseur"), Mr. Hauseur informed Ms. Wilson that he could not sell her a firearm without jeopardizing his federal firearms license. *Id*. at 5:32; *see* **DECLARATION OF FREDERICK JOHN HAUSEUR, IV**, attached hereto as Exhibit "**2**" and incorporated herein by reference.

20. Mr. Hauseur further explained to Ms. Wilson that because of the mere fact that he was aware Ms. Wilson possessed a state-issued medical marijuana registry card he was prohibited from selling her the Firearm, any other firearm, or even any ammunition. Exhibit 1 at 5:32; Exhibit 2 at 3:12-14.

21. Roughly a week prior to Ms. Wilson's visit to Custom Firearms & Gunsmithing, Mr. Hauseur received notice of a letter dispatched by the BATFE to all federal firearms licensees, in which the BATFE specifically forbade the sale of any firearms or ammunition to any person possessing a state-issued medical marijuana registry card. *See* Exhibit 2-B.

22. Mr. Hauseur's refusal to sell Ms. Wilson the Firearm is the direct result of laws, policies, procedures and/or customs initiated and promulgated by the Defendants. *See* Exhibit 2 at 2:7-8; Exhibit 2-B; *see also* 18 USC 922(g)(3).

RAINEY • DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

-4-

23. Ms. Wilson is a medical professional, who has, for some time, researched and studied the use of cannabis for medical purposes. *See* Exhibit 1 at 2-3.

24. Approximately three years ago, Ms. Wilson learned from a friend, who was suffering from severe endometriosis, that the use of cannabis can substantially mitigate, or even eliminate, the pain caused by persistent muscle spasms and other detrimental medical conditions. *Id*. at 2:14. Since that time, Ms. Wilson has extensively researched the efficacy of using cannabis as a medical treatment, including conducting interviews with a number of licensed physicians. *Id*. at 2:15. Most recently, Ms. Wilson met with Dr. Alan Shackelford, a practicing physician in Colorado and former fellow with the Harvard University School of Medicine, to discuss the use of cannabis as a medical treatment. *Id*. at 3:16-17.

25. Ms. Wilson is currently a resident of Carson City, Nevada and has resided in the State of Nevada since September 2006. Exhibit 1 at 2:4-5.

26. Ms. Wilson holds a bachelor's degree from the University of Texas, Austin and a master's degree from Jones International University of Colorado. *Id*. at 2:6-8.

27. For the past year, Ms. Wilson has worked as a professional caregiver and medical technician, most recently accepting a position with Carson Valley Residential Care. *Id*. at 2:8.

28. For the past few months, Ms. Wilson has been actively researching medical schools and has met with and shadowed a series of doctors, as she plans to pursue a doctor of osteopathy. *Id*. at 2:9-12.

29. Ms. Wilson has additionally met with dozens of patients that have communicated to her their positive experiences with medical cannabis. *Id*. at 3:18.

30. Most of these individuals are elderly persons suffering from serious ailments, who find substantial relief and curative benefits from the use of cannabis. *Id*. Most of the individuals Ms. Wilson has encountered certainly do not fit the commonly portrayed, narrow-minded stereotype of a marijuana user. *Id*. at 3:19.

31. Ms. Wilson's interest in the medical efficacy of cannabis stems, in part, from her own struggles with severe dysmenorrhea (also referred to as severe menstrual uterine contractions), and the possible treatment options that cannabis offers. *Id*. at 3:20. Since the age of ten (10),

RAINEY   •   DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

Ms. Wilson has suffered from severe dysmenorrhea, which is often debilitating, even leading to further painful side effects, such as severe nausea and cachexia. *Id*.

32. In the fall of 2010, Ms. Wilson decided to apply for a Nevada medical marijuana registry card. *Id*. at 3:21.

33. The Nevada State Constitution states, in relevant part, at Article 4, Section 38:

> "The legislature shall provide by law for: (a) The use by a patient, upon the advice of his physician, of a plant of the genus Cannabis for the treatment or alleviation of cancer, glaucoma, acquired immunodeficiency syndrome; severe, persistent nausea of cachexia resulting from these or other chronic or debilitating medical conditions; epilepsy and other disorders characterized by seizure; multiple sclerosis and other disorders characterized by muscular spasticity; or other conditions approved pursuant to law for such treatment."

34. Furthermore, Chapter 453A of the Nevada Revised Statutes provides a statutory framework specifically authorizing the issuance of medical marijuana registry cards to persons that have a doctor's recommendation for the use of medical marijuana.

35. In October 2010, in full compliance with Nevada law, Ms. Wilson obtained and submitted an application for a Nevada State-issued medical marijuana registry card. Exhibit 1 at 3:21-24; *see also* Exhibit 1-B.

36. Ms. Wilson obtained a doctor's recommendation for the use of medical marijuana, as required by Nevada law and submitted all of the appropriate paperwork to the State. *Id*. at 3:22.

37. On May 12, 2011, Ms. Wilson was issued a medical marijuana registry card from the State of Nevada. *Id*. at 3:24; *see also* Exhibit 1-B.

38. Approximately five months later, on October 4, 2011, when Ms. Wilson attempted to purchase the Firearm, the owner of the gun store, Fred Hauseur, denied Ms. Wilson's right to purchase the Firearm based solely on the fact that she possessed a valid State of Nevada medical marijuana registry card. Exhibit 2 at 3:12-13.

39. In denying Ms. Wilson's attempted purchase of the Firearm, Mr. Hauseur reasonably relied on the instructions directly provided by the BATFE. On or about September 21, 2011, the BATFE issued an open letter to all federal firearms licensees in which the BATFE specifically instructed firearms licensees to deny the sale of firearms or ammunition to any person whom

RAINEY ● DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

1  the licensee is aware possesses a card authorizing such person to possess and use marijuana

2  under state law. *Id*. at 2:7-8; *see also* Exhibit 2-B.

3      40. Mr. Hauseur received the BATFE open letter on or about October 1, 2011. *Id*. at 2:7. As a

4  direct result of the open letter, Mr. Hauseur was compelled to deny Ms. Wilson's attempt to

5  purchase the Firearm. *Id*. At 2:12-14.

6      41. Furthermore, each purchase of a firearm requires that the purchaser complete Form

7  4473, as provided by the BATFE.  Question 11(e) of Form 4473 asks, "Are you an unlawful user

8  of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other

9  controlled substance?" Exhibit 1 at 4:29.

10     42. While Ms. Wilson's natural inclination would be to answer "No" to question 11(e), Ms.

11  Wilson was informed by Mr. Hauseur that the BATFE has promulgated a policy whereby any

12  person holding a medical marijuana registry card is automatically considered an "unlawful user

13  of, or addicted to marijuana." *Id*. at 4:30.

14     43. Because Ms. Wilson holds a valid medical marijuana registry card issued by the State of

15  Nevada, but is clearly not an unlawful user of or addicted to marijuana, Ms. Wilson elected to

16  leave question 11(e) on Form 4473 blank. *Id*. at 4:31.

17     44. Nevertheless, when Ms. Wilson provided Form 4473 to Mr. Hauseur, Mr. Hauser

18  informed her that, even with Question 11(e) left blank, he could not sell her a firearm without

19  jeopardizing his federal firearms license, since he had actual knowledge that Ms. Wilson

20  possesses a state-issued medical marijuana registry card. *Id*. at 5:32; Exhibit 2 at 3:12-14.

21     45. Ms. Wilson has never been charged with or convicted of any drug-related offense, or

22  any criminal offense for that matter. Indeed, no evidence exists that Ms. Wilson has ever been

23  an "an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic

24  drug, or any other controlled substance." Ms. Wilson maintains that she is not an unlawful user

25  of or addicted to marijuana or any other controlled substance. Nonetheless, Ms. Wilson was

26  denied her Second Amendment right to keep and bear arms based solely on her possession of a

27  valid State of Nevada medical marijuana registry card.

28  / / /

RAINEY  •  DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

I.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF SECOND AMENDMENT RIGHTS)**

46. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-five (45) as though fully set forth herein.

47. Title 18, Sections 922(g)(3) and 922(d)(3) and Title 27, Section 478.11 of the Code of Federal Regulations ban federally licensed firearms dealers from selling firearms to any person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

48. The Defendants have implemented and are enforcing a policy whereby any person who possess a medical marijuana card validly issued pursuant to State law is deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

49. These laws and policies infringe upon, and impose an impermissible burden upon, the Plaintiff's right to keep and bear arms under the Second Amendment to the United States Constitution.

50. As a direct and proximate result of the foregoing law, policy, practice and/or procedure, as enacted and promulgated by the Defendants, the Plaintiff has suffered and continues to suffer damages including, but not limited to, special, future, incidental, and punitive damages.

51. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the present court action.

II.

**SECOND CAUSE OF ACTION**

**(VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT)**

52. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-one (51) as though fully set forth herein.

53. Title 18, Sections 922(g)(3) and 922(d)(3) and Title 27, Section 478.11 of the Code of Federal Regulations ban federally licensed firearms dealers from selling firearms to any person

RAINEY  •  DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

-8-

1  "who is an unlawful user of or addicted to any controlled substance (as defined in section 102

2  of the Controlled Substances Act (21 U.S.C. 802))."

3  54. The Defendants have implemented and are enforcing a policy whereby any person who

4  possess a medical marijuana card validly issued pursuant to State law is automatically deemed

5  to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of

6  the Controlled Substances Act (21 U.S.C. 802))."

7  55. These laws and policies violate the Plaintiff's right to equal protection of the laws

8  guaranteed under the Due Process Clause of the Fifth Amendment to the United States

9  Constitution.

10  56. As a direct and proximate result of the foregoing law, policy, practice and/or procedure,

11  as enacted and promulgated by the Defendants, the Plaintiff has suffered and continues to

12  suffer damages including, but not limited to, special, future, incidental, and punitive damages.

13  57. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the

14  present court action.

15                                              III.

16                              **THIRD CAUSE OF ACTION**

17                                    **(CONSPIRACY)**

18  58. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-seven (57) as

19  though fully set forth herein.

20  59. The Defendants, and each of them, acted in concert to deprive the Plaintiff of her

21  Second and Fifth Amendment rights by enacting and enforcing the unconstitutional laws,

22  policies, practices and/or procedures complained of this action.

23  60. As a direct and proximate result of the Defendants' above-described actions, the

24  Plaintiff has suffered and continues to suffer damages including, but not limited to, special,

25  future, incidental, and punitive damages.

26  61. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the

27  present court action.

28  / / /

RAINEY • DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the court enter judgment in her favor and against Defendants as follows:

1.  Declare that 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and derivative regulations, such as 27 C.F.R. § 478.11, violate the right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

2.  Declare that 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and derivative regulations, such as 27 C.F.R. § 478.11, violate the Due Process Clause of the Fifth Amendment to the United States Constitution by denying equal protection of the laws to law-abiding, qualified adults.

3.  Permanently enjoin the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and any derivative regulations, such as 27 C.F.R. § 478.11, and provide such further declaratory relief as is consistent with the injunction.

4.  Award the Plaintiff compensatory and punitive damages.

5.  Award costs and attorneys fees and expenses to the extent permitted under 28 U.S.C. § 2412.

6.  Grant such other and further relief as the Court deems just and proper.

Dated this 14th day of October 2011.

Respectfully Submitted by:

RAINEY DEVINE, ATTORNEYS AT LAW

By:    /s/ Chaz Rainey

Charles C. Rainey, Esq.
Nevada Bar No. 10723
2445 W. Horizon Ridge Pkwy, Ste. 110
Henderson, Nevada 89052
Telephone:  +1.702.425.5100
Facsimile:  +1.888.867.5734
*Attorney for Plaintiff*

RAINEY ● DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RAINEY  •  DEVINE
2445 W. Horizon Ridge Parkway, Ste. 110
Henderson, Nevada 89052
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)