TONY WEST
Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney

SANDRA SCHRAIBMAN
Assistant Director, Federal Programs Branch

ALICIA N. ELLINGTON
JOHN K. THEIS
Trial Attorneys, Federal Programs Branch
United States Department of Justice, Civil Division
20 Massachusetts Ave., N.W., Rm. 7226
Washington, D.C.  20530
Telephone: (202) 305-8550
Facsimile: (202) 616-8460
John.K.Theis@usdoj.gov
Alicia.N.Ellington@usdoj.gov

*Attorneys for Defendants the United States of America,
ATF, U.S. Attorney General Eric Holder,
Acting ATF Director B. Todd Jones, and
Assistant ATF Director Arthur Herbert,
in their official capacities (collectively, the United States)*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| S. ROWAN WILSON,  )<br>  )<br>          Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>ERIC HOLDER, Attorney General of the  )<br>United States et al.,  )<br>  )<br>          Defendants.  )<br>_____) | Case No.: 2:11-CV-1679-GMN-(PAL) |

**THE UNITED STATES'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 56-1, Defendants the United States of America, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the individual defendants in their

1

official capacities (collectively, the United States), hereby submit the following statement of material facts as to which no genuine issue exists in connection with their Motion for Summary Judgment, which they seek as an alternative to their Motion to Dismiss.

     1.     The Gun Control Act of 1968, as amended, provides that "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) . . . to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The Gun Control Act of 1968, Pub. L. No. 90-618, § 102, 82 Stat. 1213, 1220, <u>codified as amended at</u> 18 U.S.C. § 922(g)(3).

     2.     Another provision of the Gun Control Act, as amended, makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." 18 U.S.C. § 922(d)(3).

     3.     By regulation, ATF has defined the term "[u]nlawful user of or addicted to any controlled substance" as follows:

> A person who uses a controlled substance and has lost the power of self-control with reference to the use of the controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time . . . .

27 C.F.R. § 478.11.

     4.     Section 102 of the Controlled Substances Act defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B

2

of this subchapter [21 U.S.C. § 812]." 21 U.S.C. § 802(6).  Marijuana is classified as a Schedule I drug.  21 U.S.C. § 812(c), Schedule I(c)(10).  By classifying marijuana as a Schedule I drug, Congress has determined that marijuana "has a high potential for abuse," that it "has no currently accepted medical use in treatment in the United States," and that "[t]here is a lack of accepted safety for use of [marijuana] under medical supervision."  Id. § 812(b)(1).  As such, Schedule I drugs, including marijuana, cannot be legally prescribed for medical use, see 21 U.S.C. § 829, and it is unlawful for any person to knowingly or intentionally possess marijuana, unless such possession is for a federally approved research project.  See 21 U.S.C. §§ 844(a), 823(f).

      5.    In 2001, Nevada enacted legislation that provides that, subject to certain exceptions, "a person who holds a valid registry identification card . . . is exempt from state prosecution for . . . [a]ny . . . criminal offense in which the possession, delivery or production of marijuana . . . is an element."  Nev. Rev. Stat. § 453A.200(1)(f).  This exemption only applies to the extent that the holder of a registry identification card (i) engages in "the medical use of marijuana in accordance with the provisions of this chapter as justified to mitigate the symptoms or effects of the person's chronic or debilitating medical condition;" and (ii) "[d]o[es] not, at any one time, collectively possess, deliver or produce more than . . . [o]ne ounce of usable marijuana[,] [t]hree mature marijuana plants[,] and [f]our immature marijuana plants."  Id. § 453A.200(3).

      6.    To obtain a registry identification card from the State of Nevada, an applicant must provide, inter alia, "[v]alid, written documentation from the person's attending physician stating that . . . [t]he person has been diagnosed with a chronic or debilitating medical condition" and that "[t]he medical use of marijuana may mitigate the symptoms or effects of that condition."  Id. § 453A.210(2)(a)(1)–(2).

      7.    On September 21, 2011, ATF issued an "Open Letter" to all federal firearms licensees ("FFLs") in response to "a number of inquiries regarding the use of marijuana for medicinal purposes and its applicability to Federal firearms laws."  See Compl., Ex. 2-B.  After

3

1 summarizing the relevant provisions of federal law, the Open Letter states that "any person who uses . . . marijuana, regardless of whether his or her State has passed legislation authorizing marijuana use for medicinal purposes, is an unlawful user of . . . a controlled substance, and is prohibited by Federal law from possessing firearms or ammunition." Id.  The Open Letter further informed FFLs that "if you are aware that the potential transferee is in possession of a card authorizing the possession and use of marijuana under State law, then you have 'reasonable cause to believe' that the person is an unlawful user of a controlled substance" and "you may not transfer firearms or ammunition to the person." Id. (quoting 18 U.S.C. § 922(d)(3)).

8.     On October 18, 2011, Plaintiff S. Rowan Wilson filed suit against the United States, ATF, U.S. Attorney General Eric Holder, ATF Acting Director B. Todd Jones, and ATF Assistant Director Arthur Herbert.  Attached to Plaintiff's Complaint is a copy of a registry identification card issued to her by the State of Nevada that identifies her as a "medical marijuana patient." Compl., Ex. 1-B.

Dated: February 3, 2012

Respectfully submitted,

TONY WEST
Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney

SANDRA SCHRAIBMAN
Assistant Director

 */s/ Alicia N. Ellington*
ALICIA N. ELLINGTON
JOHN K. THEIS
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Rm. 7226
Washington, D.C.  20530
Telephone: (202) 305-8550
Facsimile: (202) 616-8460
Alicia.N.Ellington@usdoj.gov
John.K.Theis@usdoj.gov