CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
DC Bar No. 989628
RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20
Henderson, Nevada 89052
Telephone: (702) 425.5100
Facsimile: (888) 867.5734
chaz@raineydevine.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| S. ROWAN WILSON, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>ERIC HOLDER, Attorney General of the United States, et al.,<br><br>           Defendants. | Case No. 2:11-cv-1679-GMN-(PAL)<br><br>**THE PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS** |

Pursuant to Local Civil Rule 56-1, the Plaintiff S. ROWAN WILSON (the "Plaintiff"), hereby submits the following statement of material facts as to which no genuine issue exists in connection with the Plaintiff's Motion for Summary Judgment.

1. Plaintiff is a natural person and citizen of the United States and of Nevada.

2. Plaintiff intends to acquire a functional handgun for use within her home for self-defense but is prevented from doing so by Defendants' enforcement of the policies complained of in this action.

3. Defendant ATTORNEY GENERAL ERIC HOLDER heads the United States Department of Justice ("DOJ"), and that Defendant Holder, in his capacity as Attorney General, is responsible for executing and administering laws, customs, practices, and policies of the United States and has ultimate authority for supervising all of the operations and functions of the DOJ.[1]

---

[1] The Plaintiff's claims against the natural person defendants in their individual capacities have already been resolved by stipulation of the parties and will not be discussed herein.

-1-

4. Defendant Holder is presently enforcing the laws, customs, practices and policies of the United States and is presently enforcing the laws, customs, practices and policies complained of in this action.

5. Defendant U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES ("ATF") is an arm of the DOJ responsible for the investigation and prevention of federal offenses involving the use, manufacture, and possession of firearms.

6. ATF also regulates, via licensing, the sale, possession, and transportation of firearms and ammunition in interstate commerce.

7. ATF is authorized to implement and enforce the federal law challenged in this case and is currently enforcing the laws, customs, practices and policies complained of in this action in Plaintiff's jurisdiction.

8. Defendant B. TODD JONES is the Acting Director of the ATF and, in that capacity, is presently enforcing the laws, customs, practices and policies complained of in this action.

9. Defendant ARTHUR HERBERT is the Assistant Director of the ATF and, in the capacity, is presently enforcing the laws, customs, practices and policies complained of in this action.

10. On October 4, 2011, Plaintiff, an adult citizen, sought to purchase a handgun to use for self-defense in her home.

11. That day, Plaintiff visited Custom Firearms & Gunsmithing in Moundhouse, Nevada, hoping to purchase a Smith & Wesson model 686 chamber in 0.357" magnum (hereinafter referred to as the "Firearm").

12. When Plaintiff submitted the appropriate application paperwork to the gun shop's proprietor, Frederick Hauseur, he informed Plaintiff that he could not sell her a firearm without jeopardizing his federal firearms license.

13. Mr. Hauseur further explained to Plaintiff that because of the fact that he was aware she possessed a state-issued medical marijuana registry card he was prohibited from selling her the Firearm, any other firearm, or even any ammunition.

14. Roughly a week prior to Plaintiff's visit to Custom Firearms & Gunsmithing, Mr. Hauseur received notice of a letter dispatched by the ATF to all federal firearms licensees, in which the

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

ATF specifically forbade the sale of any firearms or ammunition to any person possessing a state-issued medical marijuana registry card (hereinafter the "Open Letter").

15. Defendants issued the Open Letter to all federally licensed firearms dealers.

16. Mr. Hauseur's refusal to sell Plaintiff the Firearm is the direct result of laws, policies, procedures and/or customs initiated and promulgated by the Defendants.

17. Since the age of ten (10), Ms. Wilson has suffered from severe dysmenorrhea, which is often debilitating, even leading to further painful side effects, such as severe nausea of cachexia.

18. In October 2010, in full compliance with Nevada law, Plaintiff obtained and submitted an application for a Nevada State-issued medical marijuana registry card.

19. Plaintiff obtained a doctor's recommendation for the use of medical marijuana, as required by Nevada law and submitted all of the appropriate paperwork to the State.

20. On May 12, 2011, Plaintiff was issued a medical marijuana registry card from the State.

21. Approximately five months later, on October 4, 2011, when Plaintiff attempted to purchase the Firearm, Mr. Hauseur, denied Plaintiff's right to purchase the Firearm based solely on the fact that she possessed a valid State of Nevada medical marijuana registry card.

22. In denying Plaintiff's attempted purchase of the Firearm, Mr. Hauseur reasonably relied on the instructions directly provided by the ATF in the Open Letter.

23. As a direct result of the Open Letter, Mr. Hauseur was compelled to deny Ms. Wilson's attempt to purchase the Firearm.

24. Each purchase of a firearm requires that the purchaser complete Form 4473, as provided by the ATF, and that Question 11(e) of Form 4473 asks, "Are you an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance?"

25. While Plaintiff's natural inclination would be to answer "No" to question 11(e), Plaintiff was informed by Mr. Hauseur that the ATF has promulgated a policy whereby any person holding a medical marijuana registry card is automatically considered an "unlawful user of, or addicted to marijuana."

-3-

26. Because Plaintiff holds a valid medical marijuana registry card issued by the State of Nevada, but does not consider herself an unlawful user of or addicted to marijuana, Plaintiff elected to leave question 11(e) on Form 4473 blank.

27. Plaintiff provided Form 4473 to Mr. Hauseur, Mr. Hauser informed her that, even with Question 11(e) left blank, he could not sell her a firearm without jeopardizing his federal firearms license, since he had actual knowledge that she possesses a state-issued medical marijuana registry card.

28. No evidence exists that Ms. Wilson has ever been an "an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance" and Plaintiff maintains that she is not an unlawful user of or addicted to marijuana or any other controlled substance.

29. The Gun Control Act of 1968, as amend, provide:

> "It shall be unlawful for any person…who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))…to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm which has been shipped or transported in interstate or foreign commerce."

*The Gun Control Act of 1968*, Pub. L. No. 90-618, § 102, 82 Stat. 1213, 1220, codified as amended at 18 U.S.C. § 922(g)(3).

30. Another provision of the Gun Control Act, as amended, makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person…is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." 18 U.S.C. § 922(d)(3).

31. The Gun Control Act of 1968, as amended, does not define the term "unlawful user of or addicted to."

32. By regulation, ATF has defined the term "[u]nlawful user of or addicted to any controlled substance" as follows:

> A person who uses a controlled substance and has lost the power of self-control with reference to the use of the controlled substance; and any person who is a current user of a controlled substance in a manner other

-4-

> than as prescribed by a licensed physician. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time…

27 C.F.R. § 478.11.

33. Section 102 of the Controlled Substances Act defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter [21 U.S.C. § 812]." 21 U.S.C. § 802(6).

34. Marijuana is currently classified as a Schedule I drug. 21 U.S.C. § 802(6).

35. The Nevada State Constitution states, in relevant part, at Article 4, Section 38:

> "The legislature shall provide by law for: (a) The use by a patient, upon the advice of his physician, of a plant of the genus Cannabis for the treatment or alleviation of cancer, glaucoma, acquired immunodeficiency syndrome; severe, persistent nausea of cachexia resulting from these or other chronic or debilitating medical conditions; epilepsy and other disorders characterized by seizure; multiple sclerosis and other disorders characterized by muscular spasticity; or other conditions approved pursuant to law for such treatment."

36. In 2001, Nevada enacted legislation that provides that, "a person who holds a valid registry identification card . . . is exempt from state prosecution for . . . [a]ny criminal offense in which the possession, delivery or production of marijuana . . . is an element." Nev. Rev. Stat. § 453A.200(1)(f).

37. To obtain a registry identification card from the State of Nevada, an applicant must provide, *inter alia*, "[v]alid, written documentation from the person's attending physician stating that . . . [t]he person has been diagnosed with a chronic or debilitating medical condition" and that "[t]he medical use of marijuana may mitigate the symptoms or effects of that condition." *Id.* § 453A.21-(2)(a)(1)-(2).

38. Chapter 453A of the Nevada Revised Statutes provides a statutory framework specifically authorizing the issuance of medical marijuana registry cards to persons that have a doctor's recommendation for the use of medical marijuana.

39. On September 21, 2011, ATF issued the Open Letter to all federal firearms licensees ("FFLs"). *See* Compl., Ex 2-B.

40. The Open Letter states that "any person who uses . . . marijuana, regardless of whether his or her State has passed legislation authorizing marijuana use for medicinal purposes, is an unlawful user of . . . a controlled substance, and is prohibited by Federal law from possessing firearms or ammunition." *Id*.

41. The Open Letter further informed FFLs that "if you are aware that the potential transferee is in possession of a card authorizing the possession and use of marijuana under State law, then you have 'reasonable cause to believe' that the person is an unlawful user of a controlled substance" and "you may not transfer firearms or ammunition to the person." *Id*.

42. Defendants have implemented and are enforcing a policy whereby any person who possesses a medical marijuana registry card validly issued pursuant to State law is automatically deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

43. On October 18, 2011, Plaintiff filed suit against Defendants and attached to Plaintiff's Complaint is a copy of a registry identification card issued to her by the State of Nevada that identifies her as a "medical marijuana patient." Compl., Ex. 1-B.

There are no other facts material to this case. As such, there is no genuine issue of material fact in dispute in this matter.

Dated this 9th day of March 2012.

Respectfully Submitted by:

RAINEY DEVINE, ATTORNEYS AT LAW

By: /s/ *Chaz Rainey*

Charles C. Rainey, Esq.
Nevada Bar No. 10723
2445 W. Horizon Ridge Pkwy, Ste. 110
Henderson, Nevada 89052
Telephone: +1.702.425.5100
Facsimile: +1.888.867.5734
*Attorney for Plaintiff*

-6-