CHARLES C. RAINEY
Nevada Bar No. 10723
DC Bar No. 989628
RAINEY DEVINE, ATTORNEYS AT LAW
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89052
Telephone: (702) 425.5100
Facsimile: (888) 867.5734
chaz@raineydevine.com

*Attorney for Plaintiff Rowan S. Wilson*

STUART F. DELERY
Assistant Attorney General
DANIEL G. BOGDEN
United States Attorney
SANDRA M. SCHRAIBMAN
Assistant Director, Federal Programs Branch
JOHN K. THEIS
Trial Attorney, Federal Programs Branch
United States Department of Justice, Civil Division
20 Massachusetts Ave., N.W., Rm. 6701
Washington, D.C. 20539
Telephone: (202) 305-7632
Facsimile: (202) 616-8460
John.K.Theis@usdoj.gov

*Attorneys for Defendants the United States of America,
ATF, U.S. Attorney General Eric Holder,
Acting ATF Director B. Todd Jones, and
Assistant ATF Director Arthur Herbert,
In their official capacities (collectively, the United States)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| S. ROWAN WILSON, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>ERIC HOLDER, Attorney General of the United States, et al.,<br><br>  Defendants. | Case No. 2:11-cv-1679-GMN-(PAL)<br><br>**STIPULATED ORDER REGARDING LEAVE TO AMEND COMPLAINT** |

Plaintiff S. ROWAN WILSON (the "Plaintiff") hereby respectfully requests that she be granted leave to file her First Amended Complaint. Defendants do not object to Plaintiff's request. The parties stipulate as follows:

1. A draft of the First Amended Complaint is attached hereto as Exhibit "1" and incorporated herein by reference.

2. Plaintiff requests that she be granted 14 days from the entry of this order to file her First Amended Complaint. Defendants request that, if the Court grants Plaintiff leave to file the First Amended Complaint, Defendants be granted 45 days from the date of service of the amended pleading to file its motion to dismiss.

3. The Court previously granted the parties leave to submit supplemental briefing on issues raised at the November 2, 2012 hearing. *See* Dkt. No. 30. If the Court grants Plaintiff leave to file the First Amended Complaint, the parties request that, in lieu of submitting supplemental briefs, the parties address these issues in the briefing on Defendants' motion to dismiss the First Amended Complaint.

Plaintiff respectfully requests that this Court issue an order granting her leave to file her First Amended Complaint.

Dated: November 16, 2012

Respectfully Submitted,

/s/Charles C. Rainey
CHARLES C. RAINEY
RAINEY DEVINE, ATTORNEYS AT LAW
8915 S. Pecos Road, Ste. 20
Henderson, Nevada 89052
Telephone: (702) 425.5100
Facsimile: (888) 867.5734
chaz@raineydevine.com
*Attorney for Plaintiff*

STUART F. DELERY
Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney

SANDRA M. SCHRAIBMAN
Asst. Director, Federal Programs Branch

  /s/ John K. Theis

-2-

JOHN K. THEIS
Trial Attorney, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave., N.W., Rm. 6701
Washington, D.C. 20539
Telephone: (202) 305-7632
Facsimile: (202) 616-8460
John.K.Theis@usdoj.gov

*Attorneys for Defendants*

IT IS HEREBY ORDERED that the Plaintiff is granted leave to file her First Amended Complaint. Plaintiff shall file the First Amended Complaint within 14 days. Defendants shall file its Motion to Dismiss the First Amended Complaint within 45 days after service of the amended pleading. The parties' obligation to submit supplemental briefing is stricken.

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**
**DATED:** December 12, 2012

CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
chaz@raineydevine.com
JENNIFER J. HURLEY, ESQ.
Nevada Bar No. 11817
Jennifer@raineydevine.com
RAINEY DEVINE, ATTORNEYS AT LAW
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
Telephone:  (702) 425.5100
Facsimile:  (888) 867.5734

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| S. ROWAN WILSON, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>ERIC HOLDER, as Attorney General of the United States; THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; B. TODD JONES, as Acting Director of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives; ARTHUR HERBERT, as Assistant Director of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives; and THE UNITED STATES OF AMERICA,<br><br>     Defendants. | Case No.  2:11-cv-1679<br><br><br>**FIRST AMENDED COMPLAINT** |

COMES NOW Plaintiff S. ROWAN WILSON (the "Plaintiff" or "Ms. Wilson") by and through her counsel Charles C. Rainey and Jennifer J. Hurley of the THE LAW FIRM OF RAINEY DEVINE, and hereby submits her Complaint against the Defendants ATTORNEY GENERAL ERIC HOLDER, THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ACTING DIRECTOR B. TODD JONES, ASSISTANT DIRECTOR ARTHUR HERBERT, and THE UNITED STATES OF AMERICA (collectively, the "Defendants"), inclusive, alleging as follows:

-1-

# INTRODUCTION

1. This is an action to uphold the Constitutional right to keep and bear arms, which extends to all law-abiding adult citizens of the United States, and includes the right to acquire such arms.

2. The Second Amendment "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 2797, 2821 (2008).

3. However, in contravention of this fundamental constitutional right, the Defendants have prohibited a certain class of law-abiding, responsible citizens from exercising their right to keep and bear arms; the Defendants have enacted laws, policies, procedures and customs with the specific intent of denying the Second Amendment rights of persons who have registered to use medical marijuana pursuant to and in accordance with state law. The Defendants have deliberately banned such persons from purchasing handguns, or firearms of any kind, from federally licensed firearms dealers without providing any means of due process prior to depriving these persons of their rights.

4. Based on the Defendants' interpretation of Section 922(g)(3) of the federal criminal code, the law prohibits law-abiding adults who have obtained medical marijuana cards pursuant to state law from lawfully purchasing what the Supreme Court has called "the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home." *Heller*, 128 S.Ct. at 2818.

5. This blanket ban violates the constitutional rights of thousands of responsible, law-abiding American citizens and is thus invalid under the Second and Fifth Amendments.

# THE PARTIES

6. Plaintiff S. ROWAN WILSON is a natural person and a citizen of the United States and of the State of Nevada. Ms. Wilson presently intends to acquire a functional

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

handgun for use within her home for self-defense but is prevented from doing so by Defendants' active enforcement of the unconstitutional policies complained of in this action. Ms. Wilson fears arrest, criminal prosecution, incarceration, and a fine if she were to acquire the aforementioned handgun. Indeed, Ms. Wilson has been unable to do so.

7. Defendant ATTORNEY GENERAL ERIC HOLDER heads the United States Department of Justice, which is the agency of the United States government responsible for enforcement of federal criminal laws. Defendant Holder, in his capacity as Attorney General, is responsible for executing and administering laws, customs, practices, and policies of the United States and is presently enforcing the laws, customs, practices and policies complained of in this action. Defendant Holder has ultimate authority for supervising all of the operations and functions of the Department of Justice.

8. Defendant U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES ("BATFE") is an arm of the Department of Justice responsible for the investigation and prevention of federal offenses involving the use, manufacture, and possession of firearms. The BATFE also regulates, via licensing, the sale, possession, and transportation of firearms and ammunition in interstate commerce. The BAFTE is authorized to implement and enforce the federal law challenged in this case. BATFE is currently enforcing the laws, customs, practices and policies complained of in this action in Plaintiff's jurisdiction.

9. Defendant B. TODD JONES is the Acting Director of the BATFE and, in that capacity, is presently enforcing the laws, customs, practices and policies complained of in this action.

10. Defendant ARTHUR HERBERT is the Assistant Director of the BATFE and, in the capacity, is presently enforcing the laws, customs, practices and policies complained of in this action.

11. Defendant UNITED STATES OF AMERICA is a proper defendant in this action pursuant to 5 U.S.C. § 702.

-3-

## JURISDICTION AND VENUE

12. This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America.

13. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 2412. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

14. The Defendants, including the BATFE, are subject to suit for relief other than money damages pursuant to 5 U.S.C. § 702.

15. This Court has authority to award costs and attorneys fees pursuant to 28 U.S.C. § 2412.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## COMMON ALLEGATIONS

17. On October 4, 2011, Plaintiff S. Rowan Wilson ("Ms. Wilson"), an adult-aged, law-abiding, responsible citizen, sought to purchase a handgun to use for self-defense in her home. *See* **DECLARATION OF S. ROWAN WILSON**, attached hereto as Exhibit "**1**" and incorporated herein by reference.

18. That day, Ms. Wilson visited Custom Firearms & Gunsmithing in Moundhouse, Nevada, hoping to purchase a Smith & Wesson model 686 chamber in 0.357" magnum (hereinafter referred to as the "Firearm"). *Id*. at 4:26.

19. However, when Ms. Wilson began to fill out her application paperwork for the purchase of a gun, the gun shop's proprietor, Frederick Hauser ("Mr. Hauseur"), stopped Ms. Wilson from completing question 11.e on the application.

20. Question 11.e asked whether the applicant was addicted to or an unlawful user of a controlled substance.

21. Ms. Wilson's natural inclination was to answer Question 11.e as "no."

22. However, Mr. Hauseur explained to Ms. Wilson that because Ms. Wilson was the holder of a state-issued medical marijuana registry card, Ms. Wilson was automatically deemed an unlawful user of a controlled substance and therefore not someone that he

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

could sell a firearm to.

23. Mr. Hauseur further informed Ms. Wilson that he could not sell her a firearm without jeopardizing his federal firearms license. *Id.* at 5:32; *see* **DECLARATION OF FREDERICK JOHN HAUSEUR, IV**, attached hereto as Exhibit "**2**" and incorporated herein by reference.

24. Mr. Hauseur explained to Ms. Wilson that because of the mere fact that he was aware Ms. Wilson possessed a state-issued medical marijuana registry card he was prohibited from selling her the Firearm, any other firearm, or even any ammunition. Exhibit 1 at 5:32; Exhibit 2 at 3:12-14.

25. Roughly a week prior to Ms. Wilson's visit to Custom Firearms & Gunsmithing, Mr. Hauseur received notice of a letter dispatched by the BATFE to all federal firearms licensees, in which the BATFE specifically forbade the sale of any firearms or ammunition to any person possessing a state-issued medical marijuana registry card. *See* Exhibit 2-B.

26. Mr. Hauseur's refusal to sell Ms. Wilson the Firearm is the direct result of laws, policies, procedures and/or customs initiated and promulgated by the Defendants. *See* Exhibit 2 at 2:7-8; Exhibit 2-B; *see also* 18 USC 922(g)(3).

27. Ms. Wilson is a medical professional, who has, for some time, researched and studied the use of cannabis for medical purposes. *See* Exhibit 1 at 2-3.

28. Approximately three years ago, Ms. Wilson learned from a friend, who was suffering from severe endometriosis, that the use of cannabis can substantially mitigate, or even eliminate, the pain caused by persistent muscle spasms and other detrimental medical conditions. *Id.* at 2:14. Since that time, Ms. Wilson has extensively researched the efficacy of using cannabis as a medical treatment, including conducting interviews with a number of licensed physicians. *Id.* at 2:15. Most recently, Ms. Wilson met with Dr. Alan Shackelford, a practicing physician in Colorado and former fellow with the Harvard University School of Medicine, to discuss the use of cannabis as a medical treatment. *Id.* at 3:16-17.

29. Ms. Wilson is currently a resident of Carson City, Nevada, and has resided in the State of Nevada since September 2006. Exhibit 1 at 2:4-5.

30. Ms. Wilson holds a bachelor's degree from the University of Texas, Austin, and a master's degree from Jones International University of Colorado. *Id*. at 2:6-8.

31. For the past year, Ms. Wilson has worked as a professional caregiver and medical technician, most recently accepting a position with Carson Valley Residential Care. *Id.* at 2:8.

32. For the past few months, Ms. Wilson has been actively researching medical schools and has met with and shadowed a series of doctors, as she plans to pursue a doctor of osteopathy. *Id*. at 2:9-12.

33. Ms. Wilson has additionally met with dozens of patients that have communicated to her their positive experiences with medical cannabis. *Id*. at 3:18.

34. Most of these individuals are elderly persons suffering from serious ailments, who find substantial relief and curative benefits from the use of cannabis. *Id*. Most of the individuals Ms. Wilson has encountered certainly do not fit the commonly portrayed, narrow-minded stereotype of a marijuana user. *Id*. at 3:19.

35. Ms. Wilson's interest in the medical efficacy of cannabis stems, in part, from her own struggles with severe dysmenorrhea (also referred to as severe menstrual uterine contractions), and the possible treatment options that cannabis offers. *Id*. at 3:20. Since the age of ten (10), Ms. Wilson has suffered from severe dysmenorrhea, which is often debilitating, even leading to further painful side effects, such as severe nausea and cachexia. *Id*.

36. In the fall of 2010, Ms. Wilson decided to apply for a Nevada medical marijuana registry card. *Id*. at 3:21.

37. The Nevada State Constitution states, in relevant part, at Article 4, Section 38:
> "The legislature shall provide by law for: (a) The use by a patient, upon the advice of his physician, of a plant of the genus Cannabis for the treatment or alleviation of cancer, glaucoma, acquired immunodeficiency syndrome; severe, persistent nausea of cachexia resulting from these or other chronic or debilitating medical conditions; epilepsy and other disorders characterized by seizure; multiple sclerosis

-6-

>and other disorders characterized by muscular spasticity; or other conditions approved pursuant to law for such treatment."

38. Furthermore, Chapter 453A of the Nevada Revised Statutes provides a statutory framework specifically authorizing the issuance of medical marijuana registry cards to persons that have a doctor's recommendation for the use of medical marijuana.

39. In October 2010, in full compliance with Nevada law, Ms. Wilson obtained and submitted an application for a Nevada State-issued medical marijuana registry card. Exhibit 1 at 3:21-24; *see also* Exhibit 1-B.

40. Ms. Wilson obtained a doctor's recommendation for the use of medical marijuana, as required by Nevada law and submitted all of the appropriate paperwork to the State. *Id*. at 3:22.

41. On May 12, 2011, Ms. Wilson was issued a medical marijuana registry card from the State of Nevada. *Id*. at 3:24; *see also* Exhibit 1-B.

42. Approximately five months later, on October 4, 2011, when Ms. Wilson attempted to purchase the Firearm, the owner of the gun store, Fred Hauseur, denied Ms. Wilson's right to purchase the Firearm based solely on the fact that she possessed a valid State of Nevada medical marijuana registry card. Exhibit 2 at 3:12-13.

43. In denying Ms. Wilson's attempted purchase of the Firearm, Mr. Hauseur reasonably relied on the instructions directly provided by the BATFE. On or about September 21, 2011, the BATFE issued an open letter to all federal firearms licensees in which the BATFE specifically instructed firearms licensees to deny the sale of firearms or ammunition to any person whom the licensee is aware possesses a card authorizing such person to possess and use marijuana under state law. *Id.* at 2:7-8; *see also* Exhibit 2-B.

44. Mr. Hauseur received the BATFE open letter on or about October 1, 2011. *Id*. at 2:7. As a direct result of the open letter, Mr. Hauseur was compelled to deny Ms. Wilson's attempt to purchase the Firearm. *Id*. At 2:12-14.

45. Furthermore, each purchase of a firearm requires that the purchaser complete Form 4473, as provided by the BATFE. Question 11(e) of Form 4473 asks, "Are you an

-7-

unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance?" Exhibit 1 at 4:29.

46. While Ms. Wilson's natural inclination would be to answer "No" to question 11(e), Ms. Wilson was informed by Mr. Hauseur that the BATFE has promulgated a policy whereby any person holding a medical marijuana registry card is automatically considered an "unlawful user of, or addicted to marijuana." *Id.* at 4:30.

47. Because Ms. Wilson holds a valid medical marijuana registry card issued by the State of Nevada, but is clearly not an unlawful user of or addicted to marijuana, Ms. Wilson elected to leave question 11(e) on Form 4473 blank. *Id.* at 4:31.

48. Nevertheless, when Ms. Wilson provided Form 4473 to Mr. Hauseur, Mr. Hauser informed her that, even with Question 11(e) left blank, he could not sell her a firearm without jeopardizing his federal firearms license, since he had actual knowledge that Ms. Wilson possesses a state-issued medical marijuana registry card. *Id.* at 5:32; Exhibit 2 at 3:12-14.

49. Ms. Wilson has never been charged with or convicted of any drug-related offense, or any criminal offense for that matter. Indeed, no evidence exists that Ms. Wilson has ever been an "an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance." Ms. Wilson maintains that she is not an unlawful user of or addicted to marijuana or any other controlled substance. Nonetheless, Ms. Wilson was denied her Second Amendment right to keep and bear arms based solely on her possession of a valid State of Nevada medical marijuana registry card.

## I.

## **FIRST CAUSE OF ACTION**

**(VIOLATION OF 2nd AMENDMENT RIGHTS)**

50. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-nine (49) as though fully set forth herein.

51. Title 18, Sections 922(g)(3) and 922(d)(3) and Title 27, Section 478.11 of the Code

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

of Federal Regulations ban federally licensed firearms dealers from selling firearms to any person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

52. The Defendants have implemented and are enforcing a policy whereby any person who possesses a medical marijuana card validly issued pursuant to State law or any person who a federally licensed firearms dealer "reasonably suspects" possesses a medical marijuana card validly issued pursuant to State law is summarily and conclusively deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

53. Thus, any person who possesses a medical marijuana card validly issued by pursuant to State law may not purchase a firearm from any federally licensed firearms dealer without committing a federal offense under Title 18, Section 922(g)(3) and Title 27, Section 478.11, and a federally licensed firearms dealer may not sell a firearm to any person who he knows or "reasonably suspects" possesses a medical marijuana card validly issued pursuant to State law without committing a federal offense under Title 18, Section 922(d)(3).

54. As a result of Title 18, Sections 922(g)(3) and 922(d)(3) and Title 27, Section 478.11 of the Code of Federal Regulations and the Defendants' ruling that any person who possesses a medical marijuana card validly issued pursuant to State law is conclusively deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act" the Plaintiff has been denied her Second Amendment right to obtain and possess a handgun.

55. These laws and policies infringe upon, and impose an impermissible burden upon, the Plaintiff's right to keep and bear arms under the Second Amendment to the United States Constitution.

56. As a direct and proximate result of the foregoing law, policy, practice and/or procedure, as enacted and promulgated by the Defendants, the Plaintiff has suffered and continues to suffer damages.

57. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the present court action.

## II.

## SECOND CAUSE OF ACTION

**(VIOLATION OF EQUAL PROTECTION CLAUSE OF THE FIFTH AMENDMENT)**

58. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-seven (57) as though fully set forth herein.

59. Title 18, Sections 922(g)(3) and 922(d)(3) and Title 27, Section 478.11 of the Code of Federal Regulations ban federally licensed firearms dealers from selling firearms to any person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

60. The Defendants have implemented and are enforcing a policy whereby any person who possesses a medical marijuana card validly issued pursuant to State law is automatically and conclusively deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

61. As a result of Title 18, Sections 922(g)(3) and 922(d)(3) and Title 27, Section 478.11 of the Code of Federal Regulations, and the Defendants' policy regarding persons who possesses a valid medical marijuana card issued pursuant to state law, the Plaintiff is being treated differently from similarly situated individuals.

62. Specifically, Plaintiff is being treated differently from persons who are prescribed medical marijuana in states where the obtainment of a state-issued medical marijuana registry card is not required. Because Plaintiff lives in a state where she is required to obtain a medical marijuana card prior to invoking any of the rights or benefits set forth in her state's statutes regarding medical marijuana and Plaintiff has followed such laws, she is automatically determined by Defendants to be an "unlawful user" of marijuana by Defendants regardless of whether or not she actually uses marijuana, and based on the Defendants' conclusory determination is denied her second amendment rights.

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

Meanwhile, a person who lives in a state where a registration card is not required who is prescribed marijuana by his or her doctor is not automatically presumed to be an "unlawful user" of marijuana by the Defendants. Thus, Plaintiff is being treated differently from similarly situated persons.

63. Plaintiff is also being treated differently from similarly situated persons with similar medical conditions to those of the Plaintiff. The Plaintiff has been denied her right to purchase a handgun based on the Defendants' classification of Plaintiff as an "unlawful user" of marijuana simply because she has followed state laws for the obtainment of a method of treatment for her medical condition. Other similarly situated individuals who likewise pursue different methods of treatment for medical conditions have not been denied their ability to obtain handguns.

64. These laws and policies violate the Plaintiff's right to equal protection of the laws guaranteed under the Equal Protection Clause of the Fifth Amendment to the United States Constitution.

65. As a direct and proximate result of the foregoing law, policy, practice and/or procedure, as enacted and promulgated by the Defendants, the Plaintiff has suffered and continues to suffer damages.

66. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the present court action.

## III.

## THIRD CAUSE OF ACTION

**(VIOLATION OF PROCEDURAL DUE PROCESS CLAUSE OF 5th AMENDMENT)**

67. Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-six (66) as though fully set forth herein.

68. Plaintiff possesses a protected liberty interest, namely, her right to possess a firearm under the Second Amendment.

69. The Defendants took legislative action by adopting a policy whereby any person who possesses a medical marijuana card validly issued pursuant to State law is

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

automatically and conclusively deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))" and therefore such a person cannot purchase a handgun from a federally licensed firearms dealer without committing a federal offence under Title 18, Sections 922(g)(3) and Title 27, Section 478.11 of the Code of Federal Regulations. Such policy is not merely interpretive.

70. Defendants deprived the Plaintiff of her protected liberty interest through their promulgation of their policy whereby any person who possesses a medical marijuana card validly issued pursuant to State law is automatically and conclusively deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))" and therefore such a person cannot purchase a handgun from a federally licensed firearms dealer without committing a federal offence under Title 18, Sections 922(g)(3) and Title 27, Section 478.11 of the Code of Federal Regulations.

71. The Defendants have denied the Plaintiff adequate procedural protections before depriving her of her right to purchase and possess a firearm. Defendants did not issue any notice or hold any hearing prior to depriving the Plaintiff of her right. Defendants also have not offered any means for the Plaintiff to reclaim her right. In violation of the Plaintiff's right to procedural due process, the Defendants have unilaterally and conclusively determined without any reason or supporting evidence that the Plaintiff is an "unlawful user" of marijuana simply because the State of Nevada has conferred on her the right to use medical marijuana.

72. As a direct and proximate result of the Defendants' above-described actions, the Plaintiff has suffered and continues to suffer damages.

73. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the present court action.

/ / /

/ / /

IV.

**FOURTH CAUSE OF ACTION**

**(VIOLATION OF SUBSTANTIVE DUE PROCESS CLAUSE OF 5th AMENDMENT)**

74. Plaintiff hereby incorporates by reference paragraphs one (1) through seventy-three (73) as though fully set forth herein.

75. The Plaintiff's right to possess a handgun under the Second Amendment is objectively deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty such that neither liberty nor justice would exist if they were sacrificed.

76. While it has been recognized that the Second Amendment is not unlimited and restrictions prohibiting felons from possessing firearms are valid, the Plaintiff's mere possession of a validly issued state medical marijuana card does not make her a felon nor does it mean that the Plaintiff has ever even used marijuana.

77. At the same time, Plaintiff possesses a fundamental right to free speech under the First Amendment which includes certain non-verbal speech which, in this case, is the possession of a medical marijuana registry card validly issued pursuant to state law.

78. Through Title 18, Sections 922(g)(3) and 922(d)(3) and Title 27, Section 478.11 of the Code of Federal Regulations, and their policy whereby any person who possesses a medical marijuana card validly issued pursuant to State law is automatically and conclusively deemed to be "an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))" and thereby prohibited from purchasing a handgun from a federally licensed firearms dealer without committing a federal offence, Defendants have deprived Plaintiff of her substantive due process.

79. As a direct and proximate result of the Defendants' above-described actions, the Plaintiff has suffered and continues to suffer damages.

80. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the present court action.

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

-13-

## V.

## **FIFTH CAUSE OF ACTION**

## **(VIOLATION OF 1st AMENDMENT)**

81. Plaintiff hereby incorporates by reference paragraphs one (1) through eighty (80) as though fully set forth herein.

82. Under the First Amendment, Plaintiff possesses a fundamental right to free expression in the forms of freedom of association and free speech including certain non-verbal speech and communicative conduct, which, in this case, includes, without limitation, the acquisition, possession, and acknowledgment of possession of a medical marijuana registry card validly issued pursuant to state law.

83. The legalization of marijuana for medicinal purposes has been for years, and continues to be, a matter of political debate throughout the United States,

84. Largely as a result of voter initiatives, eighteen (18) states and the District of Columbia have legalized the use of marijuana for medical purposes.

85. By acquiring, possessing, and acknowledging possession of a medical marijuana registry card, Plaintiff is exercising her First Amendment right to free speech.

86. By acquiring, possessing, and acknowledging possession of a medical marijuana registry card, Plaintiff is expressing her support for and advocacy of legalization of medical marijuana.

87. Her medical marijuana registry card is a tangible symbol of her belief and opinion that marijuana should be legal for medical use, and a symbol of her belief and opinion that her fellow citizens of Nevada were correct to have forced changes to Nevada law legalizing marijuana for medical use.

88. Her political and personal opinions about medical marijuana are inherent in her discussions with others about the fact that she has a medical marijuana card.

89. By acquiring, possessing, and acknowledging possession of a medical marijuana registry card, Plaintiff was exercising her First Amendment right to freely associate with others who support and advocate the legalization of marijuana for medical use.

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

90. The Plaintiff's medical marijuana registry card is a facial and express statement of her association with a group – medical marijuana cardholders - that embodies the belief and opinion that citizens in each state have a right to decide whether marijuana should be legal for medical purposes.

91. By acquiring, possessing, and acknowledging possession of a medical marijuana registry card, Plaintiff expresses her support for medical marijuana and her deeply held beliefs that marijuana should be legal for medical use.

92. The Plaintiff is, literally, a card-carrying advocate for medical marijuana, who is associated with a distinct group, identifiable by their inclusion in the medical marijuana registry.

93. Under the First Amendment, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment rights and also has the right to be free from governmental action taken to deter the citizen from exercising those rights in the future.

94. By implementing and enforcing a policy that forbids a federally licensed firearms dealer from selling a firearm to any person who possesses a medical marijuana card or to any person who a federally licensed firearms dealer "reasonably suspects" possesses a medical marijuana card, Defendants are retaliating against Plaintiff's exercise of her First Amendment rights by denying her Second Amendment right.

95. Further, Defendants are also attempting to deter her from exercising her First Amendment rights in the future by requiring that she give up her First Amendment rights in exchange for her Second Amendment rights.

96. As a direct and proximate result of the Defendants' above-described actions, the Plaintiff has suffered and continues to suffer damages.

97. The Plaintiff has incurred attorney's fees and costs as a direct result of prosecuting the present court action.

/ / /

/ / /

-15-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the court enter judgment in her favor and against Defendants as follows:

1. Declare that 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and all derivative regulations, such as 27 C.F.R. § 478.11, and the policy set forth in the Defendants' open letter to federally licensed firearms dealers dated September 21, 2011, violate the right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

2. Declare that 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and all derivative regulations, such as 27 C.F.R. § 478.11, and the policy set forth in the Defendants' open letter to federally licensed firearms dealers dated September 21, 2011, violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

3. Declare that 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and all derivative regulations, such as 27 C.F.R. § 478.11, and the policy set forth in the Defendants' open letter to federally licensed firearms dealers dated September 21, 2011, violate the Equal Protection Clause of the Fifth Amendment to the United States Constitution.

4. Declare that 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and all derivative regulations, such as 27 C.F.R. § 478.11, and the policy set forth in the Defendants' open letter to federally licensed firearms dealers dated September 21, 2011, violate the right to free speech secured by the Second Amendment to the United States Constitution.

5. Permanently enjoin the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. §§ 922(g)(3) and 922(d)(3) and any and all derivative regulations, such as 27 C.F.R. § 478.11, and the policy set forth in the Defendants' open letter to federally licensed firearms dealers dated September 21, 2011, and provide such further declaratory relief as is consistent with the injunction.

6. Award the Plaintiff compensatory and punitive damages.

7. Award costs and attorneys fees and expenses to the extent permitted under 28 U.S.C. § 2412.

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

1  8. Grant such other and further relief as the Court deems just and proper.

2  Dated this 15th day of November 2012.

3  Respectfully Submitted by:

4  RAINEY DEVINE, ATTORNEYS AT LAW

5  By: /s/ *Chaz Rainey*

6  Charles C. Rainey, Esq.
Nevada Bar No. 10723
7  chaz@raineydevine.com
Jennifer J. Hurley, Esq.
8  Nevada Bar No. 11817
Jennifer@raineydevine.com
9  8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
10  Telephone: +1.702.425.5100
Facsimile: +1.888.867.5734
11  *Attorneys for Plaintiff*

RAINEY • DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
+1.702.425.5100 (ph) / +1.888.867.5734 (fax)

-17-